### BROWER v BOULTON et al.

(Circuit Court, S. D. New York. December 17, 1892.)

**1. TRADE-MARKS—VALIDITY—REGISTRATION.**

Plaintiff's predecessors in business, good will, and trade-marks used the words "La Venzolana" on five shipments of flour in 1873, three in 1885, one in 1886, several in 1887, 1888, 1889, and 1890. Plaintiff used them on similar shipments thereafter, and caused same to be registered as a trade-mark No-

vember, 1891. Defendant has used the same words much more continuously and extensively on similar shipments since October, 1884. *Held*, that whatever rights accrued to plaintiff's predecessor by the use of the words in 1873 were lost by abandonment long before defendant began using them in 1884.

2. SAME—RIGHTS BY REGISTRATION.
　　The trade-mark law (21 St. p. 502, c. 138, § 1) gives no rights by registration to any but owners of trade-marks.

In Equity. Suit by William H. Brower against William G. Boulton and others for alleged infringement of a certain trade-mark. Bill dismissed.

Antonio Knauth, for plaintiff.
C. G. Kidder, for defendants.

WHEELER, District Judge. A predecessor of the plaintiff in business, good-will, and trade-marks appears to have used the words "La Venzolana" on five shipments of flour from New York to South America in 1873, on three in 1885, one in 1886, several in 1887, and several more, before his death, in 1888. Another predecessor appears to have used them on similar shipments in 1889, and, before his death, in 1890. The plaintiff used them on similar shipments after that, and caused them to be registered as his trade-mark November 17, 1891. The defendant firm has used these words much more continuously and extensively on flour in shipments ever since October 15, 1884.

This use of these words by the plaintiff's predecessor in 1873 does not seem to have been sufficient in extent and time to make them indicate with definiteness that flour on which they might be placed came from him; and whatever rights in that respect had begun to accrue to him by that use were lost by the abandonment of the use long before the defendants began using them, in 1884. After that, if either acquired any right to the exclusive use of those words for that purpose, the defendants appear to have done so. The statute gives no rights through registration to any but owners of trade-marks. 21 St. 502, c. 138, § 1. Let a decree be entered dismissing the bill, with costs.